IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE SINGLETARY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-5092 |
| | : | |
| WILLIAM J. WOLFE, et al. | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                   **October 11, 2006**

Now before the Court is the Petition of Willie Singletary, Jr. ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution in Albion, Pennsylvania. For the reasons that follow, the Petition will be denied.

**I.      Procedural History**

On January 8, 2000, Petitioner pled not guilty in a bench trial before the Honorable Renee Cardwell Hughes in the Philadelphia Court of Common Pleas. After trial, Petitioner was found guilty. Thereafter, on January 10, 2001, Judge Hughes sentenced him to life imprisonment for a first degree murder conviction. Petitioner appealed the conviction to the Pennsylvania Superior Court on the grounds that: (1) the evidence was insufficient as a matter of law to sustain a guilty verdict; and (2) the trial court erred in permitting the testimony of the victim's wife in violation of a sequestration order.

On August 14, 2002, the Superior Court denied Petitioner's appeal, holding that the evidence was sufficient to establish first degree murder and to disprove Petitioner's self-defense claim beyond a reasonable doubt. The Superior Court also held that Petitioner failed to establish an abuse of discretion by the trial court even though the victim's wife violated a sequestration

order since her trial testimony was consistent with prior testimony at a preliminary hearing. See Commonwealth v. Singletary, 809 A.2d 965 (Pa. Super. Ct. 2002) (Table). The Supreme Court of Pennsylvania denied Petitioner's request for allocatur on January 6, 2003.

On September 10, 2003, Petitioner filed the present petition with the Court. The Court designated United States Magistrate Judge Arnold C. Rapoport to submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). The Report and Recommendation identifies two grounds on which Petitioner seeks collateral relief: (1) the verdict was against the weight of the evidence; and (2) the trial court erred when it permitted the testimony of the decedent's wife, Helena Campbell. In his Report and Recommendation, Magistrate Judge Rapoport found that Petitioner's first claim was without merit and that Petitioner's second claim had been procedurally defaulted. Accordingly, Magistrate Judge Rapoport recommended that the Court deny the Petition.

Petitioner filed timely objections in which he challenges the Magistrate Judge's findings with respect to both claims. Because Petitioner has objected to Magistrate Judge Rapoport's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**II.     Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 et seq., which places important substantive limitations on the collateral relief available in federal court. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). A state court ruling is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal rule from [the Supreme] Court's cases, but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. When making the "unreasonable application" inquiry, the federal habeas court should ask "whether the state court's application of clearly established federal law was *objectively* unreasonable." Id. at 409.

Section 2254 limits habeas relief to those petitioners who have first "exhausted the remedies available in the courts of the States." 28 U.S.C. § 2254(b)(1)(a). A petitioner has exhausted his state remedies only when all avenues for review of his claim in state court have been foreclosed. See 28 U.S.C. § 2254(b)(3). Courts, however, have added an additional condition for post-conviction relief: the habeas court must "ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts[.]" O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (emphasis in original). A petitioner "properly exhausts" his state court

-3-

remedies only when he gives "the state courts one full opportunity to resolve any <u>constitutional issues</u> by invoking one complete round of the State's established appellate review process." <u>Id.</u> at 845 (emphasis added).  Exhaustion has not been properly achieved when the state court denies relief on independent and adequate procedural grounds without reaching the merits of the constitutional claim.  This improper exhaustion constitutes a procedural default, which acts as a bar against federal habeas relief.  <u>See</u> <u>Bronshstein v. Horn</u>, 404 F.3d 700, 707 (3d Cir. 2005) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)) ("The procedural default doctrine precludes a federal habeas court from 'reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'").

## III. ANALYSIS

### A. *Sufficiency of the Evidence*

As noted above, Petitioner asserts two grounds for relief.  The first is that the evidence presented at trial was insufficient as a matter of law to support his first degree murder conviction and that the prosecution failed to disprove his claim of self-defense.  <u>See</u> Petition at 9.  Both the Court of Common Pleas and the Pennsylvania Superior Court rejected this argument.  <u>See</u> <u>Commonwealth v. Singletary</u>, 809 A.2d 965 at 5-9 (Table).  Thus, his claim has been "adjudicated on the merits in State court proceedings," and must be denied unless Petitioner can show that the Superior Court's decision either was "contrary to, or involved an unreasonable application of, clearly established federal law."  28 U.S.C. § 2254(d).

In <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), the Supreme Court set out the test for whether a criminal conviction is sufficiently supported by the evidence.  "[T]he relevant question

is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original).  If the reviewing court answers that question in the negative, a denial of due process has taken place.

The test the Superior Court used to evaluate Petitioner's claim is the functional equivalent of the Jackson v. Virginia standard and is thus the "correct governing legal rule."[1]  See Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992) ("The test for insufficiency of the evidence is the same under both Pennsylvania and federal law").  Accordingly, Petitioner is not entitled to relief unless he demonstrates that the Superior Court's application of that standard was "objectively unreasonable." Williams, 529 U.S. at 409.

Petitioner argued on appeal that the Commonwealth failed to establish that he acted with the required specific intent to kill since there were no shell casings discovered near the decedent's body, the gunfire was the result of an argument, and he acted in self defense.  After considering Petitioner's sufficiency of the evidence claim, the Superior Court found that "[o]ur review of the record supports the trial court's conclusions.  When [Petitioner] stood over the decedent, he fired a deadly weapon on parts of decedent's body.  The action is sufficient evidence of a specific intent to kill to support a verdict of first degree murder. " See Commonwealth v. Singletary, 809 A.2d 965 at 7 (Table).  In reaching this conclusion, the Superior Court considered and rejected Petitioner's contention that the Commonwealth failed to demonstrate specific intent

---

[1] The Superior Court articulated the test as follows:  "In viewing the sufficiency of evidence, this Court must view the evidence at trial and all reasonable inferences drawn therefrom in the light most favorable to the verdict winner [the Commonwealth] to determine whether there was enough evidence to establish each element of the crime beyond a reasonable doubt."  Commonwealth v. Singletary, 809 A.2d 965 at 5 (Table).

since no shell casings were found near the decedent's body.  The Court noted that:

> The record reflects that the .357 magnum [Petitioner] used does not automatically dispense used casings.  N.T. at 227.  Rather, the casings must be manually ejected.  Id.  Given that the used casings may be manually dispensed at any location, the location of shell casings is not probative or relevant to whether the shots were fired at the victim with the requisite specific intent to kill.  Since the record is clear that [Petitioner] stood near the decedent when firing upon him, specific intent to kill is demonstrated."

Id. at 8.

The Superior Court similarly rejected Petitioner's self-defense claim on the grounds that Petitioner had waived the issue by failing to raise it in the Statement of Matters Complained of on Appeal, and that even if Petitioner had not waived the issue, it was meritless.  Id. at 8-9.  Applying Pennsylvania's law on establishing self-defense, the Superior Court stated that "[o]ur review of the record reflects testimony that [Petitioner] stood over the unarmed deceased and fired upon him after the decedent attempted to retreat ... This evidence demonstrated beyond a reasonable doubt that the killing was not a justifiable act of self-defense."  Id. at 9 (citations omitted).  The Superior Court thus set out a well-reasoned explanation for why the evidence was sufficient to support Petitioner's conviction – an explanation that explicitly addressed Petitioner's arguments regarding specific intent and self-defense.

Petitioner fails to meet his burden of demonstrating that the Superior Court's findings regarding specific intent and self-defense are "objectively unreasonable."  Williams, 529 U.S. at 409.  The bulk of Petitioner's argument focuses on his self-defense claim – specifically, that "both he and decedent shot at each other running away from each other," that the order of the injuries sustained by the victim does not rule out self-defense, and that Petitioner's actions were committed in the heat of conflict.  Petitioner's Objections at 3-8.  The Superior Court considered

and rejected Petitioner's account of the events, however, finding that he had not demonstrated that he acted in self-defense since the record reflected that Petitioner "stood over the unarmed deceased and fired upon him after the decedent attempted to retreat." Commonwealth v. Singletary, 809 A.2d 965 at 9 (Table). Petitioner's Objections have not established that the Superior Court's rejection of his account of the events was irrational, particularly when taking the facts in the light most favorable to the Commonwealth, as the Superior Court was required to do under Jackson v. Virginia.

Petitioner also argues that the trial court should have rejected testimony that spent shell casings (other than those from decedent's gun) found on the street were the result of New Years Eve celebrations that had occurred earlier in the evening as opposed to gunshots fired by the decedent at Petitioner. Judge Hughes was unpersuaded by the scenario suggested by Petitioner, concluding that "if there was another gun on the scene that was, in fact fired, I have no broken glass on a street full of cars; I have no other citizens hurt; I have no windows broken; I have [no] strikes anywhere; I have no evidence of another gun being fired." Petitioner has failed to demonstrate that this conclusion is unreasonable.

In short, the Superior Court determined that the evidence was sufficient to support Petitioner's conviction and Petitioner has failed to demonstrate that that determination was "objectively unreasonable." Accordingly, under Williams, Petitioner is not entitled to habeas relief on his sufficiency of the evidence claim.

B. *Testimony of Decedent's Wife*

Petitioner's second claim is that the testimony of the victim's wife, Helena Campbell, was admitted in violation of his due process rights. On direct appeal, Petitioner argued that "the

trial court erred in permitting decedent's wife to testify after she had violated a sequestration order by remaining in the courtroom throughout the trial."  See Response to Petition for Writ of Habeas Corpus, Exh. C at 6.  However, Petitioner's appellate brief relied exclusively on state cases, and failed to make reference explicitly to federal due process requirements.  See id.  Because Petitioner's arguments in his appellate brief were not sufficient to put the state court on notice of the federal constitutional basis of Petitioner's claim, the Court finds that Petitioner failed to fairly present this claim at the state level.  See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (holding that "to 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted").  Since Petitioner's claim was litigated previously under the PCRA and therefore may not be further reviewed by the state courts, see 42 Pa. C. S. A. § 9543(a)(3), Petitioner's claim is procedurally defaulted.

When a petitioner cannot obtain state court review of his claims because of noncompliance with procedural rules, the doctrine of procedural default generally bars federal habeas corpus review.  The Supreme Court has recognized two exceptions to the general rule precluding federal review of habeas claims that have been procedurally defaulted: the first is for petitioners who can demonstrate "cause and prejudice" for and from their default; the second applies when failure to consider a petitioner's claims would probably result in the conviction of someone who is actually innocent.  See Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004) (emphasis added).  To establish the requisite probability of actual innocence under the second exception, the petitioner must point to new evidence that is so compelling that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

Schulp v. Delo, 513 U.S. 298, 327 (1995).  The Supreme Court has made it clear that the actual innocence exception is limited to the rare case where the petitioner can "support his constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324 (emphasis added).

In this case, Petitioner made no allegations regarding cause for and prejudice from his default in either his Petition or his Objections to the Magistrate Judge's Report and Recommendation.  Similarly, Petitioner made no showing of actual innocence.  Accordingly, Petitioner has demonstrated no basis for the Court to review his procedurally defaulted claim.

### III. CONCLUSION

Petitioner's claims for habeas relief are either without merit or procedurally barred. Accordingly, his Habeas Petition will be denied and dismissed.  Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE SINGLETARY, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 03-5092 |
| | : | |
| **WILLIAM J. WOLFE, et al.** | : | |

**ORDER**

**AND NOW**, this 11th day of October, 2006, upon consideration of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (docket no. 10), Petitioner's Objections thereto (docket nos. 11, 12), and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

3. Because there is no probable cause to issue a certificate of appealability, a certificate of appealability shall not issue.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**